# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:23-cv-00573-RJC
# (3:19-cr-00180-RJC-DSC-1)

| | |
|---|---|
| **ANDRIVIA FRANCES WELLS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| **FNU RAY,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1], which was recently transferred from the United States District Court for the Northern District of West Virginia.

On February 14, 2020, Petitioner Andrivia Frances Wells ("Petitioner") pleaded guilty in this Court to three counts of a 36-count Superseding Indictment, including two counts of aiding and assisting the preparation of false tax returns in violation of 26 U.S.C. § 7206(2) (Counts Five and Nine) and one count of filing a false tax return in violation of 26 U.S.C. § 7206(1) (Count Thirty-Three). [Criminal Case No. 3:19-cr-00180-RJC-DSC ("CR"), Docs. 13, 29, 30]. On October 27, 2021, this Court sentenced Petitioner to concurrent terms of 36 months on each of Counts Five and Nine and a consecutive term of 34 months on Count Thirty-Three, for a total term of imprisonment of 70 months. [CR Doc. 47 at 2]. The Court also sentenced Petitioner to a term of supervised released of one year. [Id. at 3]. Petitioner did not file a direct appeal or seek post-conviction relief.

On January 30, 2023, while Petitioner was in Bureau of Prisons ("BOP") custody and

housed at SFF Hazelton in Bruceton Mills, West Virginia, she filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 in the Northern District of West Virginia, Case No. 3:23-cv-00017-GMG-RWT (N.D.W.Va.). [See Doc. 1]. In her petition, Petitioner appears to seek a First Step Act "time credit" based on "programing and low recidivism" and on having been diagnosed with an enlarged heart and having to take cold showers for some period. [Id. at 5]. Petitioner states that her "out date" was changed from April 2024 to June 2024, and that she graduated from an F.I.T. program that "exonerate[d] 6mth off [her] sentence" and her case manager was "holding [her] beyond [her] 10% RRC/CCC date." [Id. at 6]. For relief, Petitioner seeks "991 days of credit and fix [her] First Step Act credits/low recidivism" and $1 million. [Id. at 8].

On preliminary review, the Magistrate Judge found summary dismissal of Petitioner's petition unwarranted and ordered Respondent to file an answer or responsive pleading to show cause why the writ should not be granted. [Doc. 12]. Before Respondent's response was due, Petitioner filed an "Order to Show Cause" [Doc. 15], in which Petitioner complains about the ventilation at SFF Hazelton, causing Petitioner to "breathe dust every day," and of having to take cold showers, which amounts to "991 days of torment and cruel and unusual punishment." [Id. at 4]. Petitioner asks that she be provided with "the COVID-19 credit for 991 days" and "mental damages" in the amount of $1 million. [Id. at 4-5]. After seeking additional time to respond, Respondent filed a motion to transfer the case to this Court, arguing the Northern District of West Virginia lacked jurisdiction to adjudicate Petitioner's claims because she had been transferred to a Residential Reentry Center (RRC), or halfway house, in Charlotte, North Carolina. [Doc. 20 at 1-2]. Over two months later, Petitioner also moved for transfer of the case. [Doc. 21]. On September 11, 2023, a District Judge ordered the case be transferred to this District because "Section 2241 specifically provides that '[w]rits of habeas corpus may be granted by the Supreme Court, any

justice thereof, the district courts and any circuit judge within their respective jurisdictions[,]'" 28 U.S.C. § 2241(a), and Petitioner had been moved to an RRC in the Western District of North Carolina. [Doc. 22 at 1]. On October 2, 2023, Petitioner was released from BOP custody.

The Court will deny Petitioner's petition under § 2241 without prejudice. To the extent Petitioner seeks a reduction in sentence pursuant to the First Step Act, she may file the proper motion in her underlying criminal proceedings. See United States v. Venable, 943 F.3d 187, 193-95 (4th Cir. 2019). To the extent Petitioner seeks monetary relief related to her alleged conditions of confinement, she may pursue such action in the Northern District of West Virginia where such action arose, but not here. See 28 U.S.C. § 1391(b).

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **DISMISSED without prejudice** in accordance with the terms of this Order.

The Clerk of Court is respectfully instructed to terminate this action.

**IT IS SO ORDERED.**

Signed: October 11, 2023

Robert J. Conrad, Jr.
United States District Judge